## P. TAYLOR AND OTHERS V. R. H. ROWLAND.

A specific performance of a parol contract for the conveyance of lands will be enforced, when the plaintiff proves performance of the contract on his part.

And when it is shown in such action that the defendants have not the ability to make title according to their agreement, the plaintiff is entitled to compensation in damages for the injury occasioned him by the failure of the defendants to fulfill their undertaking.

The statute of limitations did not begin to run against the cause of action until the refusal of the defendants to make title, up to which time the plaintiff was ignorant of the inability of the defendants to convey title; and two years not having elapsed after the refusal of the defendants up to the institution of the suit, held, that the action was not barred.

Where it appears on the face of the petition that one of the defendants was a minor, and his guardian (if any he had) was not made a defendant, nor was there a guardian ad litem appointed for him, it was error to render judgment against such minor defendant; and this court will reverse the judgment for such error, notwithstanding no exception on this ground was taken in the court below or in the assignment of errors.

To charge heirs in damages for a breach of contract by their ancestor, the plaintiff should aver and prove that the estate of the ancestor is not in process of administration, and that assets had come into the hands of the heirs.

ERROR from Dallas. Tried below before the Hon. N. M. Burford.

This was a suit brought by Rowland, the defendant in error, against Pleasant Taylor and the heirs of William Taylor, deceased, for the specific performance of a parol agreement for the conveyance of land.

The petition was filed June 24th, 1858, and set forth a verbal agreement entered into in May or June, 1854, by which Pleasant and William Taylor, representing themselves as the owners of a tract of land in Dallas county, comprising a good mill seat, induced the plaintiff to erect a mill thereon, and engaged, in consideration of his so doing, to make him a good title to the mill seat, including three acres of adjoining land. The petition averred the erection of the mill by plaintiff within ten months after the

Taylor v. Rowland.

agreement, a survey of the premises by consent of both parties with a view to the conveyance of title, frequent demands of title by the plaintiff, and refusals by the Taylors. In an amended petition, the plaintiff alleged that the Taylors always professed willingness to make the title up to the fall of 1857; at which time, it appears from the evidence, the plaintiff for the first time learned that the title to the land was not in the Taylors, but in other parties.

The petition alleged that Newton Taylor, one of the heirs and defendants, was a minor; of which fact no further notice is taken in the record.

Besides a general denial, a parol release, and a demurrer, the defendants pleaded the statute of limitations of two years.

Verdict and judgment for plaintiff for four hundred dollars.

*G. W. Guess*, for plaintiff in error.

*E. P. Nicholson*, for defendants in error.

WHEELER, C. J. On the authority of repeated decisions of this court, we think it must be held that the plaintiff was entitled to maintain his action for specific performance of the contract of the defendants to convey to him the land in question. (15 Tex. R., 50; 11 Tex. R., 87; 8 Id., 126.) And when it was shown that the defendants had not the ability to make title according to their agreement, it was indisputably the plaintiff's right to receive compensation in damages for the injury they had caused him to sustain by their failure to fulfill their undertaking.

The only ground of defence to the action taken in the court below which seems to require notice, is the statute of limitations. But it appears that the defendants did not refuse to make title, nor was the plaintiff aware that they could not do so, until in the fall of 1857, less than two years before the institution of the suit.

On the contrary, they appear at all times previously to have professed their readiness to do so. If the plaintiff had brought his suit for damages, they might have defeated his action and involved him in the costs of the suit by procuring and tendering him

Taylor v. Rowland.

a title.   After the refusal to make title, two years had not elapsed at the institution of the suit.   The action manifestly was not barred, and the ruling of the court upon that point is wholly immaterial.

For any thing that appears in the pleadings of the defendants, or that is suggested by their counsel in argument in this court, the judgment ought·to be affirmed.   But it appears by the plaintiff's petition that one of the parties who contracted with the plaintiff is dead, and this suit is against his heirs, one of whom, it is averred, is a minor.   The guardian of the minor, if he have one, is not joined; nor, if he have no guardian, was a guardian appointed by the court for the purpose of defending the suit, as the statute required.   (O. & W. Dig., art. 562.)

To entitle the plaintiff to recover damages against the heirs, it ought to have been averred and proven that the estate was not in process of administration, and that assets of the ancestor had come into their hands.   The plaintiff avers his information and belief that the defendants could not make title when he framed his petition.   It ought then to have contained averments sufficient to charge the heirs in damages for their ancestor's breach of contract, if he sought such recovery against them.   As the petition might have been amended in this regard, and the defect was not pointed out by pleading or exception, and the recovery against the heirs is not questioned on account of this insufficiency in ,the petition and proof, even in the assignment of errors, we might not deem it our duty to take notice of·it, if it were not for the minority of one of the heirs, who was not properly represented in court.   That is a matter apparent from the petition and proceedings, which the court cannot overlook; and as it requires a revision of the judgment, which appears to be erroneous as to all the heirs for the want of sufficient averments and proof to charge them in damages in this action; and the cause of action is joint and the judgment entire, we think it ought to be reversed and the cause remanded to enable the plaintiff to amend his petition, and for further proceedings.

Reversed and remanded.