## No. 2379.

### S. S. Ashe *v.* Henrietta Young et al.

1. Guardian ad litem.—When a court has acquired jurisdiction over the
persons of minor defendants, though a judgment rendered against them
when no guardian *ad litem* has been appointed to represent them, would
not be void, yet a due administration of justice would require its reversal
on appeal.
2. Costs—Statute Construed.—The statute (Revised Statutes, article 2427)
provides that "each party to a suit shall be liable for all costs incurred
by him, and in case the costs can not be collected of the party against
whom the same have been adjudged, execution way issue against any
party in said suit for the amount of costs incurred by such party, but no
more." In a suit brought against minors who owned no property from
which costs could be collected, and for whose defense a guardian *ad
litem* had been appointed, *held:*
 (1) That the costs incurred as compensation for the services of the

guardian *ad litem*, was the result of the suit brought by the plaintiff, and after the return of *nulla bona* on an execution against the minors, an execution to collect it could properly issue against the plaintiff.

(2) The plaintiff would not be liable for the costs due the clerk or sheriff, or for witness fees incident to the minors' defense.

(3) In the absense of a statute, equity would in some cases allow compensation to a guardian *ad litem*, to be taxed as costs and charged to the successful party in the cause.

APPEAL from Harris.    Tried below before the Hon, James Masterson.

*C. Anson Jones,* for appellee, on the proposition that the fee allowed the guardian *ad litem* was an item of costs "incurred by the defendants" (appellees) within the meaning of the statute, and the court should not have taxed the same against the opposite party in any event, and should have granted appellant's motion to retax costs and reform the judgment, cited Revised Statutes, articles 1211, 1420, 1421, 2133, 2134, 2427, 3493; Cox v. Cock, 59 Texas, 525; Cleaveland v. Henderson, 4 Texas, 182; Johnson v. Taylor, 43 Texas, 121; Martin v. Weyman, 26 Texas, 864; Austin v. Charleston Female Seminary, 8 Met., 196; Porter v. Robinson, 3 A. K. Marshall, 253; Freeman on Judgments, sections 151 and 513; Montgomery v. Carlton, 56 Texas, 365.

*E. P. Hamblen,* for appellees, cited Revised Statutes, article 1211.

STAYTON, ASSOCIATE JUSTICE.    The appellant being in possession of and claiming certain real estate, brought this action against the appellees, who are minors, to remove cloud from his title.    The district court, as required by statute to do, appointed a guardian *ad litem* for the minors, who set up a claim for them to the property, and defended the action in the district court and in this court on a former appeal.

On the last trial a judgment was rendered in favor of the appellant, and the court fixed and allowed the guardian *ad litem* a fee of one hundred and fifteen dollars for his services.    The judgment provided that execution should issue against the appellees for this sum, as a part of the taxed costs, and that in the event that execution against them be returned *nulla bona*, that then execution should issue against the appellant for that sum. There was a motion to retax the costs as to this item, which was

overruled, and on that motion it was made to appear that the appellees were insolvent, and that the costs could not be collected from them.

The only question presented by the assignments of error is as to the correctness of the ruling making the appellant liable for the costs taxed for the services of the guardian *ad litem*.

The statute provides that "In all cases where a minor may be a defendant to a suit, and it shall be shown to the court that such minor has no guardian within the State, it shall be the duty of the court to appoint a guardian *ad litem* for such minor for the purpose of defending such suit, and to allow him a reasonable compensation for his services, to be taxed as part of the costs of the suit." (Rev. Stats., art. 1211.)

While a judgment rendered against minors not having a guardian, without the appointment of a guardian *ad litem* to represent them, would not be void if the court had acquired jurisdiction over the persons of the minors; yet the due administration of justice requires the appointment in such cases, and a failure in this respect will require a reversal on appeal. (Taylor v. Rowland, 26 Texas, 295.)

If a judgment be rendered against minors represented by a guardian *ad litem* it is proper that the costs taxed for the services of the guardian, as other costs, should be taxed against the minors and collected out of their estates, unless there be some equitable consideration which would authorize the court to impose the costs upon the successful party. (Rev. Stats., atrs. 1421, 1434.)   That was done in this cause, and it is only in the event that the costs can not be collected out of the minor's estates that execution is awarded against the appellant.

The petition alleged that the defendants were minors without guardian; the cause could not be legally tried unless they were represented by guardian *ad litem*, and the trial was sought for the benefit of the appellant.   Under this state of facts, it would seem that the filing of the petition was, in effect, a request that the court should appoint a guardian *ad litem* for the defendant, as much as was it a request to the clerk to issue proper citations, and that thus the compensation to be paid to the attorney appointed, for services in the case, authorized to be taxed as part of the costs of the suit, are to be deemed costs incurred by the appellant.

The statute provides that "each party to a suit shall be liable for all costs *incurred* by him; and in case the costs can not be

collected of the party against whom the same have been adjudged, execution may issue against any party in such suit for the amount of costs incurred by such party, but no more." (Revised Statutes, article 2427.) The word "incurred," as here used, means "brought on," "occasioned" or "caused."

As the cause, without reference to whether there was any defense, could not legally have been tried without the appointment of a guardian *ad litem,* and the exercise by him of the duties imposed by the appointment; the acts of the appellant may well be said to have brought on, occasioned, or caused the costs taxed as compensation to the guardian. Such costs were the known, necessary and contemplated result, as much as was the issuance and service of all necessary process requisite to properly bring the defendants before the court.

Expenses which may or may not be necessary for a minor defendant to incur to present and protect its rights, such as fees to clerks, sheriffs and other ministerial officers, witness fees and other like things, though remotely induced by the fact that a suit is brought, can not, however, be said to have been incurred by a plaintiff.

The compensation fixed by the court is by the statute made a part of the taxable cost, and it has been held by courts of equity, in the absence of such a statute, that compensation to a guardian *ad litem* may be allowed and charged, in some cases, against the successful party as taxable costs (Yousi v. Nelson, 1 Tennessee Ch., 617; Carter v. Montgomery, 2 Tennessee Ch., 455; Sutphen v. Fowler, 9 Paige, 282); but this class of cases are not applicable to the one before us.

For the reasons before given, we are of the opinion that the appellant is responsible for the item of cost taxed by the court for the services of the guardian *ad litem.* The judgment will be affirmed.
and rendered here for the appellant, and it is so ordered.

*Affirmed.*