No. 5861.

T. W. HOUSE *v.* ROBERT BRENT ET AL.

1. LOCATIVE INTEREST.—No legal presumption can exist that one who has located a land certificate issued to another, did so under contract which entitled him to compensation in land. No other presumption can be indulged in such case than the existence of a contract for pecuniary compensation for services rendered.

2. GUARDIAN AND WARD.—A deed from a guardian which assumes to pass the title of the ward in land, conveys no title in the absence of evidence showing the authority of the guardian to convey. Presumption of the existence of such authority will not be indulged, even after the lapse of thirty years.

3. PARTITION.—In the absence of evidence showing that those in interest, who were not parties to a partition of land, assented to the partition made, or participated in it, such partition is, as to them, a nullity.

4. LACHES—LAPSE OF TIME.—Laches can not be imputed to one having legal title, as against the adverse claimant of an equitable interest who has not held adverse possession. The failure of the legal owner to pay taxes can not affect this rule.

ERROR from Hood. Tried below before the Hon. T. L. Nugent.

Suit by defendants in error to recover an undivided interest in one thousand three hundred and forty-five acres of land, part of one thousand nine hundred and twenty acres, patent to which

issued to the heirs of J. C. Grace in 1847. The plaintiffs claimed by inheritance as heirs of Grace. House claimed under deed from the heirs of Grace to J. DeCordova, who located the land, and who claimed a locative interest of one-third. There was no evidence of a contract for such an interest. Stale demand was pleaded by defendant. DeCordova did locate the land and obtain patent to heirs of Grace. Grace died in 1836. House also relied on a deed of partition between himself and the heirs of Grace, dated in 1856, which set aside one thousand three hundred and forty-five acres to him, and which set aside to the heirs the residue of the land and other surveys. The deed was signed by certain of the heirs and by John Garnet as guardian of plaintiffs in this suit, the deed reciting that they were minors. No authority of the guardian to act was shown. That deed recited the existence of a contract between Thomas Grace (one of the heirs) and DeCordova, by which the latter was to receive a locative interest of one-third of the land for his services. DeCordova had, administered on the estate of Grace and sold the lands in April, 1851, and afterwards took a reconveyance to himself. This was recited in the deed of partition, and also that he only wished by purchasing to secure his locative interest. The deed was excluded on objection made. Judgment for the plaintiffs for the several amounts they were claiming by inheritance. The ages of the plaintiffs at the trial were forty-four, forty-six, forty and thirty-seven years.

The assignments of error are manifest from the opinion.

*R. M. Estes,* for plaintiff in error: On his proposition that the court should have sustained said deed of 1856 and held it binding on all parties thereto, for the reason that the parties who objected to its introduction had, ever since the year 1856 and up to the institution of this suit in 1883, by long silence, acquiesced in and ratified the partition of the Grace lands expressed in said deed, and whatever right they may have had to any interest in the land in controversy, as heirs of John C. Grace, was lost to them by their laches and negligence, and they were bound by the deed, cited Connoly v. Hammond, 51 Texas, 647, 648, and authorities there cited; Carlisle v. Hart, 27 Texas, 352–354; Cannon v. Hemphill, 7 Texas, 201; Means v. Robinson, 7 Texas, 513–515.

*R. H Ward* also for plaintiff in error, cited the following authorities: Haskins v. Wallett, 63 Texas, 220; Veramendi v.

Hutchins, 48 Texas, 552; Manchaca v. Field, 62 Texas, 141; Gullett
v. O'Conner, 54 Texas, 415; Dailey v. Starr, 26 Texas, 566; Wood
on Lein, note 3, on page 122; Kellog v. Wilson, 89 Illinois, 357;
Marshall v. Perry, 90 Illinois, 289.

*Cooper & Estes,* for defendant in error: On their proposition
that defendants in error were asserting a legal title which is not
shown, by any of the modes pointed out by the law, to have
passed from them, and a presumed "long silence," is no ratifica-
tion of a deed to which they were utter strangers, cited Williams
v. Chandler, 25 Texas, 11, 12; Robinson v. Martell, 11 Texas; 154;
Page v. Arnim, 29 Texas, 71, 72; Scoby v. Sweatt, 28 Texas, 731,
732.

COLLARD, JUDGE. The first assignment of error is not well
taken. The recitals in the deed of the eleventh of October, 1856,
purporting to be the deed of others and one signing as the guar-
dian of plaintiffs, in the absence of any evidence of the author-
ity under which the guardian acted, would not be binding upon
the plaintiff. The deed was not signed by them or by any one
shown to be in privity with them or by any one whose acts
could in any way affect them. If it was signed by one who had
the right to bind them, the deed itself would convey their estate
in which case the recitals would be taken as true, but of no
other value than to acknowledge the consideration for the con-
veyance. There was no other evidence offered to show a con-
tract with T. B. Grace by DeCordova to locate the land, or that
T. B. Grace was the father and heir of J. C. Grace. It is true
the evidence shows that DeCordova located the lands and had
the patents issued to the heirs of J. C. Grace, but that fact of
itself does not tend to prove he had any contract with T. B.
Grace for that purpose. That he did locate the lands would not
authorize the conclusion that he had any contract with any per-
son for that purpose. No such contract can arise by implication
from the fact that the services were performed. The most that
can be said in such a case is that the law would imply a con-
tract for pecuniary compensation for the services and expendi-
tures. (Ross v. Mitchell, 28 Texas, 152; Sypert v. McCowen, 28
Texas, 635.)

The second assignment of error can not be sustained. The
minor heirs of Maria Brent were not parties to the deed of par-
tition, and as to them there was no partition unless the deed

itself bound them. It is not shown that they participated in the partition, or in any manner assented to it. Because other persons competent to contract executed the instrument and conveyed their interests in the one thousand three hundred and forty-five acres would furnish no reason for holding that the minors were bound by the instrument.

To the third assignment we need only say that J. E. Gorman, at the death of his wife without issue, was entitled to one half of her one-third undivided interest in all the land, and that was the part adjudged to him by the judgment of the court in the one thousand three hundred and forty-five acres in controversy.

The fourth assignment, if we rightly appreciate it, has already been considered in part at least, in the foregoing. It might however, be added, that the purpose of the contracting parties in executing the deed could not be imputed to strangers to the contract. It is impossible to conceive how the deed in question could affect the rights of the minors, or how the motives and purposes of the persons executing it could be attributed to them, unless it be shown that they authorized it, or have ratified or adopted it, by accepting the portion allotted to them.

The fifth and sixth assignments will be considered together.

The deed of the eleventh of October, 1856, was not admissible against the plaintiffs recovering, without proof of the appointment of Garnett as their guardian by a court of competent jurisdiction, and authority from the court to make the partition. An instrument conveying land of minors signed by one representing himself to be their guardian is wholly inoperative without the production of the precedent orders of a court of competent jurisdiction in the premises, and therefore inadmissible as evidence against them. Courts will not presume the existence of the authority to act in such cases in the absence of all proof of the existence of the power and its loss, or destruction, even after the lapse of thirty years. (Terrell v. Martin, 64 Texas, 121; Tucker v. Murphy, 66 Texas, 355; White v. Jones, 67 Texas, 640.) It can not be doubted then that the court was correct in holding the deed inadmissible and void as to the defendants in error.

The title of plaintiffs was a legal title acquired by inheritance, and it is not perceived how one having no equities against them, and no possession that would bar their recovery under the statute of limitations, could plead their laches in failing to assert their title for a number of years. DeCordova was at no time in

possession, and it was not shown that plaintiff in error was in possession, except by tenant, at the time the suit was brought.

In the case of Williams v. Conger, 49 Texas, 602, Associate Justice Moore says: "We know of no authority to warrant the court in holding that a mere failure to pay taxes, or laches, or delay of the owner in bringing suit for the recovery of the land to which he has a legal title, will defeat his action, where there has not been actual adverse possession for a sufficient length of time to support the plea of limitation."

There is no proof of any acquiescence in the DeCordova title by plaintiffs, none that they recognize it, and none that they had accepted the part of the other surveys allotted to them in the deed. The record is silent upon this subject; if it were true that they had accepted under the deed of the eleventh of October, 1856, the fact was susceptible of proof, and ought to have been established by the defendant. The defendant held no title against them that they were required to notice or disprove; nor did the DeCordova deed, not executed by them, by their consent or authority, or by the orders of any court of competent jurisdiction, devolve upon them the necessity of showing that they had not accepted under the deed. They were in the same condition, and had the same rights they would have had if the deed had never been made. If it had been shown that they claimed the land set apart to them under the deed, or had sold it, the question of acquiescence and ratification insisted upon by plaintiffs in error would have been made. There was no recognition or adoption of the partition that was attempted to be made for the defendant in error; nor is there anything disclosed in the record that would invoke the doctrine of the lapse of time in favor of the DeCordova claim to the land against them, and we are of the opinion the judgment of the district court ought to be affirmed.

*Affirmed.*

Opinion adopted November 1, 1887,