**WILLIAMS et al. v. PATTERSON.***
**(No. 11196.)**

(Court of Civil Appeals of Texas. Fort Worth. June 13, 1925. Rehearing Denied Oct. 24, 1925.)

1. **Appeal and error** ☞773(3)—**Diligence held insufficient to warrant granting leave to file brief.**

Where, after written agreement that appellant should file briefs in Court of Civil Appeals 30 days before submission of cause, only excuse of failure to do so was because of other engagements and unexpected transfer of cases from docket of Court of Civil Appeals, it was *held* that diligence shown was insufficient to warrant granting leave to file briefs, in view of fact that nearly year had passed since judgment was rendered.

2. **Infants** ☞105—**Personal judgment not to be taken against minors on notes nor executed by them, but judgment may be taken foreclosing vendor's lien notes on land for which notes were given.**

Personal judgment cannot be taken against minor children on notes which they did not execute, but judgment may be rendered foreclosing vendor's lien upon land for which notes were given, and to which infants were grantees in deed from payee of notes at time of execution.

On Motion for Rehearing.

3. **Guardian and ward** ☞129—**Guardian executing vendor's lien notes for minors may properly appear for minors in action foreclosing notes.**

Where guardian purchased land for minors, and executed vendor's lien notes therefor, and defended as guardian in suit on notes, his capacity not being questioned, judgment foreclosing vendor's lien notes without personal service on minors, and without appointment of guardian ad litem, *held* not fundamentally erroneous, in view of Rev. St. 1911, art. 1942; minors' equity, if any, being enforceable in proceeding to set aside judgment.

Appeal from District Court, Tarrant County; H. S. Lattimore, Judge.

Suit by Mrs. D. Patterson against E. L. Williams and others. From a judgment for plaintiff, defendants appeal. On motion to dismiss appeal. Judgment reformed and affirmed.

Houtchens, Clark, Harrington & Briggs, of Fort Worth, for appellants.

Johns & McGregor, of Fort Worth, for appellee.

CONNER, C. J. The record discloses that the judgment in this case in appellee's favor against the appellants was rendered on May 31, 1924. Appellants E. L. Williams, Minervia Williams, and Minervia Williams, guardian of Clifford, Milford, and Beulah McCarty, executed and had duly filed a supersedeas bond on appeal on June 3, 1924, and the transcript and statement of facts were filed in this court on August 29, 1924. Appellants have filed no briefs either in the court below or in this court, and the written agreement signed by counsel for all parties relating to that subject is to the effect that the filing of briefs in the district court is waived, but that appellants should file briefs in this court not later than 30 days before the submission of the cause. Appellants have presented briefs which they now request may be filed. The clerk of this court in the due order of business, on May 5, 1925, set this case down for submission on May 30, 1925, and gave due notice thereof to appellants' attorneys. The motion for leave to file briefs was not filed

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error granted December 10, 1925.

in this court until May 21, 1925. Therein appellants alleged that a copy of the briefs which they tendered for filing was delivered to counsel for appellee on May 18, 1925, 12 days before the day of submission. Appellee has filed in answer to the motion an affidavit to the effect that business engagements are such that they would be unable to answer appellants' briefs, and move that the case be dismissed, or, at all events, that the case be postponed for 30 days in order to give them an opportunity to reply to appellants' briefs, which contains some 10 assignments of error and 12 propositions, which, together with argument, etc., covers some 30 pages of typewritten matter. Appellants' excuse for failure to file briefs, as provided for in the rules, and as specified in the agreement, is that, because of other engagements and the unexpected transfer of cases from the docket of this court they delayed an earlier preparation of their brief.

[1] We think it is apparent from the dates above specified that appellants' briefs should have been filed much earlier than they were. Appellee recovered a money judgment upon specified vendor's lien notes, duly signed by the appellants above named, and the only answer to the suit found in the pleadings was a general demurrer and a general denial, and we feel indisposed to further delay the plaintiff in the collection of her judgment by permitting appellants to now file their briefs over appellee's objection, or to postpone the case for 30 days. We think the diligence shown is altogether insufficient, and we accordingly overrule appellants' motion for leave to file briefs.

[2] We, however, think we should overrule appellee's application to dismiss the appeal, for upon examination of the record we find that the judgment rendered in favor of appellee was not only against E. L. Williams and Minervia Williams and Minervia Williams as guardian of Clifford, Milford, and Beulah McCarty, but also against the three last-named defendants, who are alleged to be children of Minervia Williams. These children defendants did not execute the notes, and we know of no authority for a judgment against them individually, except that the judgment as against these children may lawfully be against them foreclosing the vendor's lien upon the land, for which the notes were given and to which they were grantees in the deed from appellee, Mrs. D. Patterson, at the time of the execution of the notes. The judgment will accordingly be reformed and here entered in favor of appellee, Mrs. D. Patterson, and against appellants E. L. Williams and Minervia Williams in their individual capacity, and against Minervia Williams in her capacity as guardian, for the several sums specified in the judgment against appellants and the sureties on the supersedeas bond with a foreclosure of the vendor's lien on the lands described in the plaintiff's petition against all parties made defendants in the said petition, and as so reformed the judgment will be affirmed.

### On Motion for Rehearing.

In a motion for rehearing, appellants for the first time urge that the record fails to disclose that there was personal service of citation upon Clifford, Milford, and Beulah McCarty, alleged minors, or that a guardian ad litem had been appointed to represent them in the trial below. It is therefore insisted that the judgment below is fundamentally erroneous, and should be reversed. Counsel in support of the motion cite the cases of Wallis v. Stuart, 92 Tex. 568, 50 S. W. 567; Taylor v. Rowland, 26 Tex. 293, 294; Ashe v. Young, 68 Tex. 123, 3 S. W. 454; House v. Brent, 69 Tex. 27, 7 S. W. 65; Ellis v. Le Bow, 30 Tex. Civ. App. 449, 71 S. W. 576. We think this case is distinguishable from those cited. For the most part those were cases in which it was sought to divest title to lands which, on the face of the record, appeared to be in the minors, and in which it appeared that there was neither guardian nor guardian ad litem appointed. In the state of the record before us we do not feel inclined to indulge the contention that the judgment below is fundamentally erroneous, and, unless so, appellants are in no position at this time to complain.

[3] The record shows that it was as guardian Mrs. Williams made the purchase of the land in question and therefor executed the vendor's lien notes declared upon in this suit. She was sued as such, and appeared and answered as such guardian. It further appears that counsel presenting the motion filed answers for all defendants, including the guardian and the minors, and that at no time during the trial by exception to the pleadings, objection to the evidence, or otherwise, was Minervia Williams' capacity to appear and answer for her minor children as guardian questioned. Nor was any equity in her or in the minors pleaded, nor any equity now urged. The legal title to the land for which the purchase-money notes were given was in the plaintiff vendors until the payment thereof was duly made. So that the right of the minors, if any, is at best an equity, and in the state of the record seems remote and speculative. Our statute (article 1942) requires the appointment of a guardian ad litem only in cases where such minor has no guardian. Under the circumstances stated, we think we should assume, in support of the present judgment and in the absence of any assignment of error, that the minors below in fact had and were represented by a guardian, and, if by any possible state of facts not shown by the record the minors have an equity enforceable by the courts, they should resort to appropriate proceedings to set aside the judgment in

the court in which such judgment was rendered. See Wallis v. Stuart, supra.

We conclude that the motion for rehearing should be overruled.

BUCK, J., not sitting.