## WILLIAMS et al. v. PATTERSON.
### (No. 646–4510.)

(Commission of Appeals of Texas, Section B. Nov. 17, 1926.)

**1. Infants ⊂⟩78(1)—Guardian ad litem, in addition to regular guardian, should be appointed in suit against guardian and against minors individually.**

In suit against guardian of estate of minors and against minors individually, guardian ad litem, in addition to their regular guardian, should be appointed before judgment is entered against minors as individuals.

**2. Infants ⊂⟩73.**

Where children are sued as individuals, every precaution must be exercised by courts in their behalf.

**3. Infants ⊂⟩78(1)—Guardian ad litem should be appointed for minors sued individually before valid judgment can be entered, though they are served with citation.**

In action on notes executed by guardian for herself and minors and for foreclosure of mortgage, guardian ad litem should be appointed for minors before valid judgment could be entered against their individual interests, though minors were served with citation.

**4. Appeal and error ⊂⟩1177(1).**

Where judgment of trial court cannot be affirmed cause should be remanded rather than rendered, if justice would better be served by so doing.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Suit by Mrs. D. Patterson against E. L. Williams and others. Judgment for plaintiff was reformed and affirmed by the Court of Civil Appeals (276 S. W. 750), and defendants bring error. Judgments of district court and Court of Civil Appeals reversed, and cause remanded for new trial.

Houtchens & Clark, of Fort Worth, for plaintiffs in error.

Johns & McGregor, of Fort Worth, for defendant in error.

POWELL, P J. Defendant in error sold a tract of land, by usual deed of conveyance to Minervia Williams, personally, and as guardian of her three minor McCarty children, and E. L. Williams. About three-fourths of the consideration recited in the deed was evidenced by several promissory notes retaining a vendor's lien against the land. The notes were signed: "Minervia Williams; Minervia Williams Guardian; E. L. Williams."

Default was made in the payment of the notes, and suit for debt and foreclosure was instituted by the payee therein. Judgment was sought against the makers of the notes for the entire amount of debt due as well as a foreclosure. The suit was against the guardian and also the three minor children.

Upon a trial before the court, judgment was rendered as prayed for. The material portions of the judgment of the district court read as follows:

"(1) And the court having heard the pleadings, the evidence and the argument of counsel, and being fully advised in the premises is of the opinion that defendants and each of them are justly indebted to plaintiffs herein in the sum of $2,062.35, plaintiffs' claim herein being founded upon an instrument or instruments of writing providing that said sum shall bear interest at the rate of 8 per cent. per annum.

"(2) It is therefore ordered, adjudged, and decreed by the court that Mrs. D. Hogan (née Mrs. D. Patterson) and A. J. Hogan, plaintiffs herein, do have and recover of and from E. L. Williams, Mrs. Minervia Williams, Mrs. Minervia Williams, as guardian of Clifford McCarty, Milford McCarty, and Beulah McCarty, minors, and of Clifford McCarty, Milford McCarty and Beulah McCarty, defendants herein, jointly and severally, the sum of $2,062.35, together with interest thereon from this date at the rate of 8 per cent. per annum, for all of which let execution issue.

"(3) That plaintiffs' claim herein is secured by a valid and subsisting vendor's lien on the following described property: [Description follows.]"

"(4) It is further ordered, adjudged, and decreed by the court that the vendor's lien in favor of the plaintiffs, securing said debt, as it existed on the 14th day of March, A. D. 1919, be and the same is hereby foreclosed against all the parties to this suit on the above-described tract of land and the fixtures and improvements therein situated, and that an order of sale issue herein to the sheriff or any constable of Tarrant county, directing him to seize and sell said property as under execution in satisfaction of this judgment, and that the proceeds thereof be first applied to the payment and satisfaction of this judgment, together with all costs of suit, and if a surplus shall remain, that the same be paid to the defendants herein."

From this judgment the makers of the notes appealed. But their counsel did not file briefs as required by law. Therefore the court refused to consider the same. We think it did so correctly for reasons so well stated by the court itself. In fact, it seems there is no complaint about this action at this time.

However, the Court of Civil Appeals refused to dismiss the appeal, because it felt that an error apparent of record affecting the minors was disclosed. Considering that point, the court, speaking through Chief Justice Conner, said:

"We, however, think we should overrule appellee's application to dismiss the appeal, for upon examination of the record we find that the judgment rendered in favor of appellee was not only against E. L. Williams and Minervia Williams and Minervia Williams as guardian of Clifford, Milford, and Beulah McCarty, but also against the three last-named defendants, who are alleged to be children of Minervia Williams. These children defendants did not execute the

⊂⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

notes, and we know of no authority for a judgment against them individually, except that the judgment as against these children may lawfully be against them foreclosing the vendor's lien upon the land, for which the notes were given and to which they were grantees in the deed from appellee, Mrs. D. Patterson, at the time of the execution of the notes. The judgment will ·accordingly be reformed and here entered in favor of appellee, Mrs. D. Patterson, and against appellants, E. L. Williams and Minervia Williams in their individual capacity, and against Minervia Williams in her capacity as guardian, for the several sums specified in the judgment against appellants and the sureties on the supersedeas bond with a foreclosure of the vendor's lien on the lands described in the plaintiff's petition against all parties made defendants in the said petition, and as so reformed the judgment will be affirmed."

See 276 S. W. 750.

Against this reformation of the judgment, the payee in the notes made no complaint. Therefore, our only inquiry is as to whether or not any rights of the children under the judgment as reformed by Chief Justice Conner have been sacrificed.

[1] The guardian answered in this suit in her capacity as such, and through her counsel. But, inasmuch as the suit was brought, not only· against the guardian of the estates of these minors as such, but also against the minors as individuals, then it would seem that a guardian ad litem should have been appointed before a judgment was entered against such minor defendants as individuals.

[2] It would seem that there was some judgment desired against the minors as individuals which could not be reached by a judgment against their regular guardian. Since the children were sued as individuals, it is· safer to have them represented by a guardian ad litem. In that event each defendant is represented in the particular case by different counsel, and it can be safely assumed that any possible conflicting interest of any defendant is amply protected. Where children are sued, every precaution must be exercised by the courts in their‚ behalf.

[3] By motion for certiorari, the defendants in error ask permission to complete the transcript by inserting the citation which shows that the minors themselves were actually served with citation. Under the showing made in the motion, we grant the same, and have before us the record as perfected. But, even though the minors were served, it was necessary to appoint a guardian ad litem for them, under the pleadings in this case, before a valid judgment could be entered against their individual ·interests in any respect.

In its opinion overruling motion for rehearing, the Court of Civil Appeals says that, if the children have any right in this land other than under the very deed in suit, it is

but an equity, and is remote and speculative. That court further suggests that, if such an equity develops later, the children may resort to the court, and establish such right by setting aside the judgment. We differ with this latter view. We think the better practice is to have a guardian ad litem appointed, in a case where the children, as well as their regular guardian, are individually sued. They should be protected at the first opportunity, and not required to resort to the courts at some later time for relief.

[4] The judgment of the trial court cannot be affirmed. That being true, we think we should remand the case ‚rather than render it, if justice will probably be better subserved by so doing. We think this is true, and that the case should be remanded. When it again comes up for trial in the district court, the plaintiffs there can either dismiss the case entirely so far as the minors as individuals are concerned or the court can appoint a guardian ad litem to answer for the minors as individuals. The estate can still be represented by the regular guardian.

For the reasons stated, we recommend that the judgments of the district court and Court of Civil Appeals be reversed and the cause remanded to the former for a new trial not inconsistent herewith.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and cause remanded to the district court.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.