### REYNOLDS et al. v. FARMERS & MERCHANTS NAT. BANK OF NOCONA et al.

No. 13990.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 1, 1939.

Rehearing Denied Jan. 19, 1940.

H. M. Muse, of Wichita Falls, for plaintiffs in error.

Benson & Benson, of Bowie, for defendant in error.

BROWN, Justice.

Plaintiffs in error, A. O. Reynolds and Mary Wade Battles, a feme sole, brought suit in the District Court of Montague County against Farmers & Merchants National Bank of Nocona and C. McCall, defendants in error, in trespass to try title

to recover certain lands in said county, and alleged that the deed, executed by the sheriff of Montague County, by virtue of an order of sale issued on a judgment obtained against Reynolds, was and is void, because the order of sale was issued February 28, 1933, in which the said sheriff was directed to make due return thereon within 30 days, but that said sheriff made his return showing that such writ came into his hands on February 28, 1933, that he advertised the property for sale to take place on May 2, 1933, that such advertisements were published on April 5, 1933, and the required subsequent dates, and that the land was sold on May 2, 1933, to said Bank, 63 days after the order of sale was issued, and that the sheriff's return was actually made 81 days after such writ was issued and placed in his hands.

It was further alleged that said Bank conveyed the lands on August 10, 1934, to said McCall, who was and is the president of the Bank, and that by reason of such facts and the knowledge had on the part of C. McCall, he was not an innocent purchaser of the property for value.

Plaintiffs prayed for a cancellation of the two deeds and to thereby remove the cloud cast upon their title by such deeds.

The defendants duly answered and specially excepted to the petition, as a collateral attack upon the sheriff's sale, and because the petition shows that plaintiffs' cause of action is barred by the 4 year statute of limitations (Art. 5529, R.C.S.), and specially pleaded the said 4 year statute of limitations and the 3 year statute (Art. 5507, R.C.S.) in bar of plaintiffs' right to recover, and also plead laches and stale demand.

The cause was tried to the court and judgment rendered that plaintiffs take nothing as against both defendants.

The plaintiffs have appealed and the parties will be designated as in the trial court.

The facts with reference to the issuance, service, sale thereunder and return of the order of sale, as alleged by the plaintiffs, are undisputed.

Art. 3784, R.C.S. of Texas provides that "the execution shall be returnable to the first day of the next term of the court, or in thirty, sixty or ninety days, if so directed by the plaintiff, his agent or attorney."

■ It has been uniformly held that a sale of real estate made under an execution after the return day on the writ is void, and the purchaser acquires no title thereby.

In Mitchell v. Ireland, 54 Tex. 301, the Supreme Court said: "If the defendants below have no other title than that derived through sale made under execution after return day thereof, then such title, as has been expressly decided by this court, is a nullity, and would confer no right. Hester v. Duprey, 46 Tex. 625; Young v. Smith, 23 Tex. [598], 600 [76 Am.Dec. 81]."

■ Thus it appears that the plaintiffs are entitled to recover unless they are precluded by some statute of limitations pleaded in defense of such right.

■ Defendants cannot rely upon Art. 5507, R.C.S., which provides: "Suits to recover real estate, as against a person in peaceable and adverse possession thereof under title or color of title, shall be instituted within three years next after the cause of action accrued, and not afterward."

This is sound because of such holdings and pronouncements as are found in Savage v. Rhea, Tex.Com.App., 33 S.W.2d 429, 433: "The deed from Mrs. Ohler, for the reasons above stated, was void and properly attackable by the defendant in error; it is therefore not such color of title as will support limitation by possession for three years. Garner v. Black, 95 Tex. 125, 65 S.W. 876; Burnham v. Hardy Oil Co. 108 Tex. 555, 195 S.W. 1139; Spikes-Nash Co. v. Manning (Tex.Civ.App.), 204 S.W. 374."

The Supreme Court expressly approved and adopted the holdings quoted.

In the last case cited—Spikes-Nash Co. v. Manning—this expression appears [204 S.W. 375]: "A void deed is neither title nor color of title"; and the opinion cites three Supreme Court decisions and one from a Court of Civil Appeals.

■ Defendants cannot rely upon Art. 5529, R.C.S., which provides: "Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued and not afterward."

This is sound because the instant suit was brought to recover the real estate, and the cancellation of the void deed, under which defendants hold and claim title, and the removal of the cloud, upon plaintiffs' title, caused by the execution and record-

ing of such deed, is a mere incident to plaintiffs' suit.

We quote from the Supreme Court, in the case of Rutherford et al. v. Carr, 99 Tex. 101, 87 S.W. 815, 816:

"In this case the creditor recovered a judgment for his debt against Teliaferro, and thereafter levied execution upon the land, sold it, and the plaintiffs in error purchased it at the sale. By that purchase they acquired the title, and are entitled to recover the land unless the action is barred by the statute of limitations. Plaintiffs' suit was brought in an action of trespass to try title, to which the defendant pleaded not guilty, and at the same time pleaded specially his title, including the deed charged to be fraudulent. Thereupon plaintiffs, by supplemental petition, replied to the defendant's answer, setting up facts that showed the deed to be fraudulent, and claiming that title had never passed out of the debtor. The filing of the special plea of title made it necessary for the plaintiffs to file their supplemental petition that the testimony might be admitted to show the deed to be void. Paul v. Perez, 7 Tex. 338. If the defendant had not pleaded his title specially, the plaintiffs could have introduced the same evidence. McSween v. Yett, 60 Tex. 183. Therefore the supplemental petition was a matter of pleading, giving notice of the attack to be made upon a muniment of defendant's title, and did not change the character of the suit. The purpose of the action was to recover the land—a cause of action which determines the character of the suit to be for the recovery of real estate.

"It is claimed that the plaintiffs' action is barred by the time prescribed in the following article of the Revised Statutes of 1895: 'Art. 3358. Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued, and not afterward.' The application of the statute depends upon the character of the action, and, this being an action for the recovery of real estate, it is excepted in express terms, the statute does not apply, and the plaintiffs' right to recover the land was not barred.

"There is much conflict among the authorities as to the time when the statute of limitations will begin to run against a suit to set aside a fraudulent deed, but we have found no case in which the period of time that would bar an action to set aside a deed would defeat a suit for the recovery of land. In all cases where the suit was to recover land, the statutes applicable to such actions have been applied. They differ as to when the statute begins to run, but are uniform as to the time and possession required. Bobb v. Woodward, 50 Mo. 95; Ramsey v. Quillen, 5 Lea. 184; Blantin v. Whitaker, 11 Humph. 313; Amaker v. New (S.C.) [33 S.C. 28], 11 S.E. 386, 8 L. R.A. 687. The last case cited is directly in point, and holds that the period of limitation is that which would apply to an action for the recovery of the land, and not the period which would bar a suit to set aside a fraudulent deed."

We do not find in this record where the doctrine of laches and stale demand should be applied.

The suit was filed August 12, 1937. The sheriff's deed is dated May 19, 1933, but was not filed for record until October 18, 1933, and this is a suit for the recovery of land.

In Vol. 27 Tex.Juri., para. 4, page 19, in discussing the defense of laches and stale demand, it is said: "It is settled, however, that the defense may not be invoked to resist the enforcement of a purely legal right, however asserted; in such cases the defendant must rely on the statute of limitations." The text is supported by such authorities as: House v. Brent, 69 Tex. 27, 7 S.W. 65, and Williams v. Conger, 49 Tex. 582.

The judgment of the trial court is reversed and judgment here rendered for the plaintiffs in error.

### On Motion for Rehearing.

After duly considering the judgment rendered by us heretofore in this cause, on December 1, 1939, we deem it necessary to add one paragraph to the judgment, as follows:

While the judgment of the trial court is reversed and rendered in favor of the appellants here, such judgment of this court is without prejudice to the right of the Farmers & Merchants National Bank of Nocona, or its assigns, to cause to be issued another order of sale or execution out of the judgment heretofore obtained by it against A. O. Reynolds.

With this change and amendment to the judgment heretofore rendered by us, the motion for a rehearing is overruled.