### WESTERN UNION TELEGRAPH COMPANY v. H. A. WALLER.

Decided December 24, 1904.

**1.—Record on Appeal—Bill of Exceptions—Statement of Facts—Conflicts.**

Where a bill of exceptions states that certain evidence was admitted, but the agreed statement of facts, purporting to contain all the material facts proved, does not show such evidence, the statement of facts will control the bill.

**2.—Telegraph Company—Nondelivery of Message—Evidence.**

In an action for damages resulting from the nondelivery of a telegram evidence was admissible to show that a physician in the town knew where the addressee was stopping and would have informed the messenger boy if inquiry had been made of him.

**3.—Same—Charge—Measure of Damages.**

In such an action a charge that if the jury found for the plaintiff under the foregoing charge, then in estimating his damage they should take into consideration the mental suffering undergone by him, if any, by reason of his not being present during the last hours of his mother's life, was not objectionable as furnishing no guide to the jury for ascertaining the damage or amount to be awarded to plaintiff, such charge not being affirmatively erroneous, and there being no request for a more specific instruction.

**4.—Same—Message in "Care Some Hotel"—Diligence.**

The fact that a message was addressed to plaintiff at a named town, "Care some hotel," did not of itself authorize the telegraph company to stop its search after a visit to the hotels, unless in so doing it acted as a reasonably prudent person would have done under the circumstances.

**5.—Charge—Weight of Evidence.**

A charge is properly refused where it singles out certain testimony which of itself would not constitute a defense to the action, and seeks to instruct the jury with reference to the effect to be given it.

**6.—Assignment of Error.**

Where assignments of error relating to different rulings and subjects are grouped in violation of the rules and are not followed separately by appropriate propositions and statements, they will not be considered.

**7.—Same—Evidence Explaining Absence of Witness.**

Where a witness for the defendant (its messenger boy) who had testified at a former trial was absent at the second trial, and plaintiff's counsel had drawn out that fact in cross-examination, it was error for the court to refuse to permit defendant to show by the testimony of its attorney that he had made efforts to secure the attendance of the witness, and had ascertained that he had left the state and gone to Mexico.

Appeal from the District Court of Wichita. Tried below before Hon. A. H. Carrigan.

*Montgomery & Hughes,* for appellee.

SPEER, ASSOCIATE JUSTICE.—A sufficient statement of this case will be found in the opinion rendered upon a former appeal, reported in 72 Southwestern Reporter, page 264. Most of the questions presented for determination were decided adversely to appellant upon that appeal, and need not be specifically noticed at this time.

The first assignment of error, complaining of the action of the court in admitting the testimony of appellee that after the message was delivered to him, "he was then in a very great state of anxiety to be with his mother, and that he wished very much to get there at the earliest moment he could," while supported by the bill of exceptions approved by the trial judge, is not supported by the statement of facts, which purports to contain all of the material facts proved, and which is agreed to by counsel for both parties. In such case the statement should control the bill.

The testimony of appellee, "That on Friday before the 24th day of March, 1901, while he was in Duncan, I. T., he had a conversation with Dr. A. A. Robertson, a dentist of Duncan, I. T., in which conversation he inquired of Dr. Robertson as to where would be a good boarding place, as he, the plaintiff, and his family, preferred not to stay at the Swan Hotel, on account of the expense incident thereto, and that he desired to get another boarding house; whereupon Dr. Robertson told him about the boarding house of Mrs. Savage, and recommended to him that he go there to board, and pointed out to him the location of said boarding house, as it was in view of the office of Dr. Robertson, and the plaintiff thereupon stated to Dr. Robertson that he would move from the Swan Hotel over to the Savage boarding house," was admissible for the purpose of showing that appellant, by inquiring of Dr. A. A. Robertson, to whom its messenger was directed to go, would have ascertained the whereabouts of appellee in time to have enabled him to catch an earlier train to Jacksboro. Dr. Robertson testified that he would have rendered such assistance as he could if the messenger boy had applied to him. The quoted testimony certainly tends to show that he would have been able to send the messenger boy directly to the appellee's boarding house.

Appellant's special charge number 2, if supported by the evidence, was argumentative, and objectionable, in that it singled out certain testimony which of itself would not constitute a defense to the action,

and sought to instruct the jury with respect to the effect to be given to it.

The fourth, fifth, sixth and seventh assignments are not considered, because relating, as they do, to different rulings and subjects, they are grouped in violation of the rules governing assignments, and are not followed separately by appropriate propositions and statements. Neal v. Galveston, H. & S. A. Ry. Co., 11 Texas Ct. Rep., 395; Peck v. Peck, 11 Texas Ct. Rep., 426.

The eighth, ninth and tenth assignments should probably be not considered for the same reason. But looking into them we fail to find error, inasmuch as the trial court several times made it clear in his charge to the jury that the appellant must have been guilty of negligence in the matter of delivering the message to appellee; and the frequent use of the word "promptly" in that connection was hardly misleading under the circumstances. We think it was appellant's duty to exercise ordinary care to promptly deliver the message to appellee.

The greatest difficulty we have had arises out of the fourth paragraph of the court's charge, wherein the jury were instructed as follows: "If you find a verdict for the plaintiff under the foregoing charge, then in estimating the damage of plaintiff, if any, you will take into consideration the mental suffering undergone by plaintiff, if any, by reason of his not being present during the last hours of his mother's life."

It is objected to this charge that it furnishes no guide to the jury for ascertaining the damage or amount to be awarded to the appellee. But it can hardly be said that the charge furnishes no guide for estimating the damages. It correctly directs the jury to take into consideration the mental suffering undergone by appellee by reason of his not being present during the last hours of his mother's life. This was not affirmatively erroneous, and if the charge was deficient or not sufficiently full the appellant should have requested a more specific instruction. Moreover, we think the charge is aided by the eighth special charge of appellant which the court gave, to the effect that the burden of proof was upon appellee to show that he had suffered injury and the amount thereof.

We think the evidence supports the verdict and the judgment. The fact that appellee was addressed "Care some Hotel, Duncan, I. T.," did not authorize the appellant to stop its search after a visit to the hotels, unless in doing so it acted as a reasonably prudent person would have done under the circumstances. In other words, the measure of appellant's duty to appellee was to exercise ordinary care to deliver to him the message in controversy, whether he was to be found at a hotel or not. We are not to be understood as holding that the question of diligence was in no way affected by the manner of the address. On the contrary, it was a proper circumstance to be considered in that connection. The address, we think, simply amounted to information to appellant that appellee was a transient person and would most likely be found at some hotel, but it could hardly be held that appellant had necessarily discharged its full duty when it inquired at the various hotels for him.

The judgment is affirmed.

ON MOTION FOR REHEARING.

The thirteenth assignment of error, which we now sustain, was not contained in the appellant's original brief filed herein, but was presented in a supplemental brief filed at the same time, and was for this reason overlooked by us upon the original submission of this case. The assignment is based upon the action of the court in not admitting in evidence the testimony of appellant's attorney, J. H. Barwise, Jr., who according to the bill of exceptions "sought to testify that theretofore, after the setting of the case for a day certain, he had in accordance with the rules and customs of the defendant, sent a telegram to the superintendent of the defendant at St. Louis, Missouri, requesting the attendance on the trial of this case as a witness for the defendant, of said W. M. Dickinson, and in this connection, exhibited to the court the original message which he had delivered to said superintendent in which he requested the said Dickinson to be sent as such witness to be present on the trial of this case as a witness in behalf of the defendant, which telegram is as follows: 'Wichita Falls, Texas, 12-31-1903. G. J. Frankel, Supt., St. Louis, Mo. Please have Manager H. T. Montgomery, of Duncan, I. T., report to us on January 6, 1904, as witness in the case of Waller v. Western Union Tel. Co. Also have W. M. Dickinson, who was messenger boy at Duncan, report to us on same day as witness same case. We believe that Dickinson is now with the I. & G. N. Railway Co. Montgomery, of Duncan, can advise you where to find Dickinson. Huff, Barwise & Huff;' and said Barwise further offered to testify that he had received advice from said superintendent that said witness was no longer in the service of this defendant, and that he, the said superintendent, was unable to locate the said witness, and had found, upon investigation, that he had left the State of Texas some months previous, going to old Mexico."

The court sustained an objection to this testimony, that it was irrelevant, immaterial, hearsay and not the best evidence. The appellee had proved upon the cross-examination of appellant's witness, Montgomery, that Dickinson, who was the messenger boy of the appellant at Duncan at the time of the receipt of the message in question, was not in attendance upon court at this trial, although he had testified in person on the trial at a former term. From this circumstance the jury might properly have inferred that the witness was absent through the procurement of appellant, and that his testimony, if present at the trial, would have been against it. This being true, we think appellant should have been allowed to prove that it had made an effort to secure his attendance upon the trial. It would tend to rebut the inference arising from the absence of an important witness shown to have been in the employment of the telegraph company. It was both relevant and material. And certainly the testimony of Mr. Barwise showing the effort upon his part to obtain the attendance of the witness, was not in any sense hearsay. Nor are we prepared to hold that the answers of the superintendent with reference to the witness' whereabouts, were hearsay. Wiley v. Shivel, 11 Texas Ct. Rep., 792. But however this may be, the objection being to the whole, when at least a part of the

testimony was admissible, should have been overruled. Jamison v. Dooley, 11 Texas Ct. Rep., 177.

We see no reason for changing our views upon any of the questions discussed in the original opinion, but for the error in excluding the testimony above referred to the motion for rehearing is granted, and the judgment reversed and cause remanded for a new trial.

*Reversed and remanded.*