## POSTAL TELEGRAPH CABLE CO. OF TEXAS v. TALERICO.

(Court of Civil Appeals of Texas. March 29, 1911. Rehearing Denied April 26, 1911.)

1. TELEGRAPHS AND TELEPHONES (§ 66*)—NONDELIVERY OF MESSAGES — EVIDENCE — SUFFICIENCY.

In an action against a telegraph company for the nondelivery of a message containing an order by the sender for merchandise, evidence *held* to show that, if the message had been delivered, the order would have been filled.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Dec. Dig. § 66.*]

2. TELEGRAPHS AND TELEPHONES (§ 70*)—NONDELIVERY OF MESSAGES—MEASURE OF DAMAGES.

Where a fruit dealer, because of the failure of a telegraph company having knowledge of the facts to deliver a message sent by him containing an order for fruit, did not obtain a shipment of the fruit ordered, the measure of damages was the difference between what the fruit ordered would have cost him and its reasonable market value at his place of business at the time he should have received the same, had the message been promptly delivered.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 72, 73; Dec. Dig. § 70.*]

3. TELEGRAPHS AND TELEPHONES (§ 70*)—NONDELIVERY OF MESSAGE — MEASURE OF DAMAGES.

Where a telegraph company knew that a sender of a message containing an order for fruit was a fruit dealer, and it did not deliver the message, it became subject to damages for loss of profits.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 72, 73; Dec. Dig. § 70.*]

4. TELEGRAPHS AND TELEPHONES (§ 70*)—NONDELIVERY OF MESSAGES—DAMAGES.

The sender of a telegram never delivered is at least entitled to recover the amount paid to the company for its transmission and delivery.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 72, 73; Dec. Dig. § 70.*]

5. TRIAL (§ 256*)—INSTRUCTIONS — REQUESTS —NECESSITY.

A party who did not ask the court to make a charge more specific may not complain of a charge which was not erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 628–641; Dec. Dig. § 256.*]

6. APPEAL AND ERROR (§ 742*)—QUESTIONS REVIEWABLE — ASSIGNMENTS — PROPOSITIONS.

A proposition not within the scope of an assignment of error cannot be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

7. TRIAL (§ 252*)—EVIDENCE—INSTRUCTIONS—APPLICABILITY.

Where, in an action for the nondelivery of a telegram, the sender testified that it was customary for the sendee to give a reply to similar telegrams, and that, when he received no reply, he telephoned to the telegraph company and asked about a reply, and then wired to the sendee, and that he did not expect a reply until some days after the delivery of the message to the company for transmission, a charge assuming that it was the custom to receive a reply on the next day was properly refused, because not sustained by the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 596–612; Dec. Dig. § 252.*]

8. TRIAL (§ 85*)—EVIDENCE—ADMISSIBILITY.

Where a telegraph company receiving a message for transmission required notice of a claim for damages within 90 days, a letter by a sender of a message to the company setting forth a claim for damages for the nondelivery thereof and the circumstances connected therewith was properly received in evidence so far as it gave notice of the claim, and an objection to the letter as a whole on the ground that it contained self-serving declarations without stating what the declarations were was properly overruled.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 223–225; Dec. Dig. § 85.*]

9. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR — ERRONEOUS ADMISSION OF EVIDENCE.

The error, if any, in admitting evidence substantially like that received without objection, is harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4166; Dec. Dig. § 1050.*]

10. APPEAL AND ERROR (§ 1058*)—HARMLESS ERROR — ERRONEOUS ADMISSION OF EVIDENCE.

The error, if any, in excluding evidence, is overcome by its subsequent admission.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4195–4206; Dec. Dig. § 1058.*]

Appeal from Bexar County Court; Phil. H. Shook, Judge.

Action by Frank Talerico against the Postal Telegraph Cable Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

A. P. Wozencraft and D. A. Frank, for appellant. Swearingen & Tayloe and O. M. Fitzhugh, for appellee.

JAMES, C. J. The action was brought against appellant for damages alleged to have been caused Talerico by the failure of appellant to deliver the following telegram sent by him from San Antonio addressed to the Fruit Dispatch Company at Houston; "Ship car Bluefield firsts thousand cocoanuts. Wednesday's steamer. Good stock"—which, according to the petition, meant by "Bluefield's first" a kind and quality of banana known and understood by defendant and all other persons having business transactions with the fruit trade, and that "Wednesday's Steamer good stock" meant that the bananas and cocoanuts were to be of good stock and to be shipped from a steamer arriving at

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r. Indexes.

New Orleans on Wednesday following, all of which meaning defendant and its agents and employés well understood. As his damages, plaintiff in his petition claimed the difference between what the shipment would have cost him and its reasonable market value at San Antonio, alleging the difference based on the wholesale and also the retail values at San Antonio. The verdict was for $150 in favor of plaintiff.

[1] The first assignment of error is the refusal to give a peremptory instruction for the defendant. Under this, it is insisted that there was no evidence that, if the order embodied in the telegram had been received, the order would have been filled. We find against this contention. It was shown, among other things, that plaintiff received from the Fruit Dispatch Company, ahead of time, a list announcing the fact that there were bananas and cocoanuts coming to New Orleans on that Wednesday's steamer. The witness Wm. Talerico testified: "I say there were some bananas and cocoanuts come in on a steamer that got into New Orleans on a certain Wednesday, because I got a list from the Fruit Dispatch Company ahead of time. I knew when they got their lists out they were going to have the goods there; * * * that as soon as we received their wires on Monday, and as soon as we received the wires quoting prices, we ordered." It was shown that it was the custom of the Fruit Dispatch Company to wire Talerico every Monday morning the prices on all arrivals of the current week. It cannot reasonably be supposed that such lists and prices would be sent out to the trade with reference to incoming steamers, unless they had the goods on such steamers. This was sufficient evidence to show that the Fruit Dispatch Company could have filled the order, and that they would have filled it sufficiently appeared from the fact that Talerico was an habitual customer, and his orders had never been turned down.

[2] It is also contended under this assignment that damages for the loss of prospective and speculative profits were not recoverable, and that, where only such damages were shown, the peremptory charge should be given. There was testimony showing that defendant had notice of the fact that plaintiff was, and had for a long time been, engaged as a dealer in fruit in San Antonio, and the testimony showing that the result of the failure to deliver the telegram was that Talerico did not get the shipment he ordered, and thereby lost the difference between what the same would have cost him, and its reasonable market value at San Antonio at the time he should have received it. This is the correct rule applicable to this case, and is not objectionable as involving speculative or prospective damages.

[3] There is a third proposition, which is that the peremptory instruction should have been given because the evidence showed no loss except the loss of profits which would have been made if the plaintiff had received and sold the fruit, and there was no evidence that the telegraph company had any notice of the contemplated profits of the plaintiff and no notice of anything except of what appeared upon the face of the telegram. Defendant was shown to have been familiar with the fact that Talerico was a dealer in fruits, and therefore had notice that he was ordering these goods to dispose of in the course of his business; and this subjected defendant to damages for his loss of profits, to be measured in the proper manner. Under testimony in this record, the fruit would have been disposed of by Talerico in the San Antonio market, the bananas at $3.75 per hundredweight, and the cocoanuts for $5.50 per sack of 100, and that this was at wholesale and as disposed of to the trade. There was proof, also, that bananas were scarce in the market at San Antonio at the time the car should have arrived and afterwards, and there was no way by which he could otherwise supply himself, either at San Antonio or Houston, without paying a price that would not justify handling them. Under these facts, the rule for the measurement of plaintiff's damages was as charged by the court, which was the difference between the cost to plaintiff and what the reasonable market value of the fruit was in San Antonio at the time.

[4] Besides the above, the peremptory charge should not have been given, because plaintiff was shown to be entitled to recover the cost of the telegram.

[5] We overrule the second and third assignments. The charge concerning the measure of damages was not erroneous, and it was not asked to be made more specific, as to distinguishing between retail and wholesale prices. The verdict indicates that retail prices were not adopted by the jury and appears to correspond with what was shown to be the difference in value based on wholesale prices. At any rate, appellant has not undertaken to point out and explain wherein the rulings on demurrers complained of by these assignments resulted in prejudice to it.

[6] The second proposition is not within the scope of the assignments, and cannot be considered.

The fourth assignment is overruled. The profits sued for were not prospective or speculative, and notice of such character of loss from nondelivery of the telegram was both alleged and shown to have been possessed by defendant.

The fifth assignment is overruled. We have already stated that the charge the court gave on the measure of damage was the correct one upon the facts of this case. Edgeworth v. Talerico, 95 S. W. 677.

From what has been said we cannot sustain the proposition under the sixth and seventh assignments.

[7] The eighth is that the court erred in refusing to give a charge that if it was the custom at the time among dealers to receive a communication of orders such as this one on the next day, and that by reason of this plaintiff should have known that said order or telegram had not been received by the addressee and an ordinarily prudent person would in such circumstances have taken steps toward having the order in, and that, but for such failure, his damages would not have accrued and that therein he was guilty of negligence contributing to and causing his damages, to find for defendant.

The court gave a general charge submitting contributory negligence. The above requested charge appears to be based upon the testimony of Wm. Talerico that it was customary for them to give us a reply in similar orders to this, and, when he got no reply, he phoned the Postal Telegraph Company and asked about a reply to that telegram, and then he wired to the Fruit Dispatch Company; that he did not expect any reply until Wednesday, when the steamer arrived. The charge was properly refused because there was no evidence that the reply was to have been expected the following day according to any custom. The witness did not so testify, and his testimony will not bear the construction that it was customary to have a reply the following day. The charge would have been on the weight of the evidence.

There was no error in admitting in evidence the letter referred to in the ninth assignment, being a letter from plaintiff to the defendant, in which he set forth his claim for damages and the circumstances connected therewith upon the ground that it contained a self-serving declaration, and was immaterial and incompetent. The letter is set forth at length in the brief, but the particular statement complained of is not pointed out. This would be sufficient reason for overruling the assignment.

[8] Besides this, the rules upon which the telegram appears pasted provided that written notice of claim for damages should be given within 90 days, and this letter constituted the notice given of the claim, and the objection made was to it as a whole on the ground that it contained a self-serving declaration without stating what declaration, and it is evident that it was not in its entirety subject to the other objection.

[9] We overrule the tenth assignment for the reason that substantially the same testimony complained of had been given by the witness without objection.

[10] The eleventh assignment of error is submitted as a proposition and it cannot be considered as such. There can be no merit, however, in the assignment because the qualification to the bill of exception shows that the ruling complained of was overcome by the subsequent admission of testimony.

The twelfth is overruled, as the action of the jury indicates the absence of passion or prejudice in rendering their verdict, and that they were not influenced by the argument indulged in by counsel for plaintiff.

The proposition under the thirteenth assignment is: "There being no competent evidence of any loss by the plaintiff except for prospective and contingent profits, the verdict should have been for the defendant, and a new trial should have been ordered." From what has been said, this must be overruled.

Inasmuch as the allegations which appellant claims were not in the petition are found to be there, we overrule the fourteenth and fifteenth assignments.

The testimony referred to in the sixteenth assignment was not of any matter that was required to be alleged.

Judgment affirmed.