WESTERN UNION TELEGRAPH CO. v. GORMAN & WILSON. (No. 8091.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 6, 1915. Rehearing Denied March 13, 1915.)

1. TELEGRAPHS AND TELEPHONES ☞74—ACTION FOR DAMAGES—INSTRUCTIONS.

In an action for damages for failure to deliver a telegram, whereby plaintiff lost an opportunity to purchase certain cattle at prices stated, in which there was some testimony that the plaintiff had been offered certain stock at $25 a head, an instruction that the offer was $25 a head was not erroneous as not conforming to the evidence; and, in view of the finding that the offer was $25 a head, it was immaterial that the proof failed to show that the purchase would have been made had the offer been at $27.50 a head, as testified to by the seller and sender.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 77; Dec. Dig. ☞ 74.]

2. TRIAL ☞243—INSTRUCTIONS — CONFLICTING INSTRUCTION.

In an action for damages for nondelivery of a telegram, depriving plaintiff of the opportunity to buy cattle, a charge which, as a whole, merely authorized the jury to consider the seller's testimony, together with all other testimony, and to find for plaintiff only if the seller's alleged offer had been made, did not conflict with a special charge that plaintiff must prove that he could and would have purchased the stock at the prices for the several classes pleaded by him, and that, if he failed to do so, he could not recover.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 564, 565; Dec. Dig. ☞243.]

3. EVIDENCE ☞142—MARKET VALUE — DIFFERENT LOCALITY.

In an action for nondelivery of a telegram, whereby plaintiff lost the purchase of cattle, where the evidence showed that defendant's agent had notice that plaintiff's intended purchase was for resale at Ft. Worth, and that the market value of such cattle in S. county was fixed by the market value in Ft. Worth, evidence as to the market value of the cattle at Ft. Worth and the identification and reading of published market reports was admissible on the issue of damages in the market in S. county.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 416–423; Dec. Dig. ☞142.]

4. EVIDENCE ☞501—OPINION—FACTS FORMING BASIS.

In an action for nondelivery of a telegram, whereby plaintiff lost the purchase of cattle, where plaintiff so described the cattle as to bring them within the classification of "stocker steers," and gave his opinion as to their market value at Ft. Worth, he was properly allowed to read from the Ft. Worth Live Stock Reporter the reports of representative sales covering the period involved, to show on what he then based his opinion of the market.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2292–2305; Dec. Dig. ☞501.]

5. EVIDENCE ☞474—OPINION — KNOWLEDGE OF WITNESS.

In an action for nondelivery of a telegram, whereby plaintiff lost the purchase of cattle, testimony of a witness as to what the cattle would have weighed on the Ft. Worth market was not inadmissible on the ground that he did not see them until about two weeks after the failure to deliver the telegram, where it appeared that at about such time he examined them and bought part of them.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2196–2219; Dec. Dig. ☞474.]

6. APPEAL AND ERROR ☞1050 — HARMLESS ERROR—ADMISSION OF EVIDENCE.

In an action for nondelivery of a telegram, whereby plaintiff lost the purchase of cattle, where testimony of witnesses as to the effect that live stock reports of the Ft. Worth market had upon the market in S. county were admitted without objection, the admission of subsequent testimony to the same effect was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. ☞1050.]

7. TELEGRAPHS AND TELEPHONES ☞37 — FAILURE TO DELIVER MESSAGE—LIABILITY.

A telegraph company not negligent in transmitting a telegram which, with notice of probable damages, was sent to plaintiff, but was negligent in not delivering the message to plaintiff, although, as received, the middle initial was different from plaintiff's, was liable in damages.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 23, 24, 29, 30, 32; Dec. Dig. ☞37.]

8. TELEGRAPHS AND TELEPHONES ☞66—ACTION FOR DAMAGES—SUFFICIENCY OF EVIDENCE—NEGLIGENCE.

In an action for damages for failure to deliver a telegram addressed to plaintiff relative to an offer to sell certain cattle, which, as received, contained a middle initial different from plaintiff's, evidence, regardless of any negligence in its transmission, held to show defendant's negligence in failing to deliver it to plaintiff.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 61–63; Dec. Dig. ☞66.]

9. TELEGRAPHS AND TELEPHONES ☞74—INSTRUCTIONS—EVIDENCE.

In such action, where the court relieved defendant's agent, who had received the sender's message over the telephone of any negligence in reducing it to writing, a requested instruction that the receiver was the agent of the sender, and not of defendant, was properly refused.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 77; Dec. Dig. ☞ 74.]

10. TRIAL ☞260 — REQUEST FOR INSTRUCTIONS.

Charges which, so far as proper, were sufficiently comprehended in the court's charge, were properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. ☞260.]

Appeal from District Court, Tarrant County; J. W. Swayne, Judge.

Action by Gorman & Wilson against the Western Union Telegraph Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Thompson & Barwise and A. C. Wood, all of Ft. Worth, for appellant. Flournoy, Smith & Storer, of Ft. Worth, for appellees.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

CONNER, C. J. Appellees instituted this suit, alleging, in substance, that they had been negotiating with one R. T. Baker, of Sonora, Sutton county, for the purchase of certain steer cattle, to wit, 110 one year olds, 381 two year olds, and 135 three year olds, which had been offered to them at $25, $30, and $35 per head, respectively, and that, with a view of purchasing on the terms offered, on August 2, 1912, they prepared for transmission and delivery to said Baker the following telegram, which was accepted by appellant, together with the charges therefor, to wit:

"R. T. Baker, Sonora, Texas: If you have not sold your steers, my partner and myself will come and look at them next Wednesday and will try and buy the ones and twos. May want the threes, also, after seeing them. Answer at once.
"[Signed]                    W. T. Wilson."

It was further alleged that, upon the receipt of said telegram, said Baker sent a reply message addressed to W. T. Wilson at Ft. Worth, Tex., to the effect that the cattle were for sale, and inviting said Wilson to come to his (Baker's) ranch on the following Wednesday or Thursday. It was charged that, while appellant accepted this latter telegram for transmission and delivery to said W. T. Wilson, it negligently failed to do so, whereby, in the manner set forth in the petition, the plaintiffs lost the opportunity of making the intended purchase, to their damage in the sum of $2,953.

Appellant defended upon the ground, among other things, that the failure to deliver was induced by negligence in so preparing the telegram at San Angelo, where received, as that the sending operator reasonably mistook the middle initial in Wilson's name (T.) for "L.," and that, as received in Ft. Worth, it was addressed to W. L. Wilson. The verdict and judgment, however, were against appellant, and it has prosecuted this appeal.

Error is assigned to the following paragraph of the court's charge, viz.:

"If you find from the evidence that the defendant was guilty of negligence in the transmission of said message under instructions hereinbefore given, and that such negligence, if any, was the proximate cause of the failure to deliver said message to plaintiff Wilson, or, if you find from the evidence that defendant was guilty of negligence in the failure to deliver said message to the plaintiff W. T. Wilson, under instructions hereinbefore given, and you further find from the evidence that said Baker had offered to sell said cattle to plaintiffs at certain prices shown by the testimony, and had agreed to hold said offer open for a reasonable time for plaintiff Wilson to come to Ft. Worth and communicate with said Baker by wire whether he would want said cattle or not, and you further find from the evidence that, if plaintiff W. T. Wilson had received said message from said Baker, plaintiffs would have gone to Sutton county, and could and would have purchased the cattle upon the terms and for the prices offered by said Baker to plaintiff Wilson, and you further find from the evidence that the failure of defendant to deliver to plaintiff Wilson the said message by Baker as aforesaid was the sole and proximate cause of plaintiffs' failure to purchase said Baker's cattle, and you further find from the evidence and under the instructions hereinbefore given that plaintiffs suffered any damage as the result of the failure to deliver such message, and you further find from the evidence that the defendant telegraph company, at the time of the acceptance by it of the said message of August 3, 1912, from Baker, was possessed of notice and information of facts sufficient to advise and inform the defendant that a failure to deliver said message would result in the damage, if any, which you may find from the evidence and under the instructions of the court has been suffered by the plaintiffs, then you are instructed to return a verdict for the plaintiffs against the defendant, unless you should find for the defendant under some other instructions of the court."

[1] It is urged that the charge is erroneous, for the reason that Baker testified that he priced the one year old steers at $27.50 each, instead of $25, as alleged, and that there is no testimony tending to show that the plaintiffs would have purchased the cattle with the one year olds at $27.50. There is no real merit in the objection stated. The suit was not upon the offer made by Baker, but for damages in being deprived of an opportunity to purchase at the prices stated in the petition under a vide licet, thus leaving an open door for small variations, and no objection was made to the evidence on the ground of a variance. Moreover, both W. T. Wilson, and a son of Baker testified that $25 was the offer for the ones, and the court, at appellant's request, gave the following special instruction:

"You are instructed that, in connection with the court's main charge, and in determining whether or not the plaintiffs in this case would have purchased the cattle in question, even if the message sued upon herein had been promptly delivered to Wilson, you will look to, and be governed by, the pleadings of the plaintiffs as to the prices at which the several classes of cattle could have been purchased. The plaintiffs must prove that they could and would have purchased the cattle at the prices of the several classes thereof as pleaded by them, and, if they have not proved this, your verdict will be in favor of the defendant without reference to any other question in the case."

In view of this special instruction and the testimony of Wilson and Baker's son, it seems evident that the jury found the offer of the one year olds to be $25, and hence it is immaterial that the proof fails to show that the purchase would have been made had the offer been at $27.50.

[2] But under other assignments it is insisted that the charge of the court quoted and the special charge above set out are in conflict, and that therefore the court's charge is to be condemned. The conflict, however, is certainly not in express terms. It is to be found, if at all, only by a process of deduction. Reading the paragraphs together, as is our duty to do, there is no real conflict. The charge, as a whole, merely authorizes the jury to consider Baker's testimony, together with all other testimony on the subject, and to find for plaintiffs only in event the finding was in favor of their theory of the offer. The

third, fourth, fifth, and thirteenth assignments are, hence overruled.

[3] We fail to find any prejudicial error, as assigned, in permitting the witness W. T. Wilson to testify to the market value of the cattle on the market at Ft. Worth, and to identify and read published market reports. There was evidence tending to show that appellant's agent had notice, as alleged, that the intended purchase was for resale at Ft. Worth, and the state of the Ft. Worth market was, therefore, relevant to the plaintiffs' measure of damage. Postal Telegraph ,Cable Co. v. Talerico, 136 S. W. 575; McDonald v. Unaka Timber Co., 88 Tenn. 38, 12 S. W. 420. The admissibility of the testimony is not to be held erroneous by reason of the fact that the court in its charge later confined the issue of the plaintiffs' measure of damages to the market in Sutton county. Even on the theory of the measure of damages adopted by the court no error is presented, for there was evidence tending to show that the market value of steer cattle in Sutton county was fixed by the market value in Ft. Worth, and the court expressly instructed the jury that, in determining the market value in Sutton county, the testimony relating to market values in Ft. Worth at the times involved should be disregarded, except in so far as it might assist, if at all, in determining the market values in Sutton county. As thus qualified, no error was committed in this particular in any event. McDonald v. Unaka Timber Co., 88 Tenn. 38, 12 S. W. 420; Rice v. Manley, 66 N. Y. 82, 23 Am. Rep. 30; note 57 L. R. A. 193; Sedgwick on Damages, vol. 1, § 246; Tri-State Milling Co. v. Breisch, 145 Mich. 232, 108 N. W. 657.

[4, 5] The sixth assignment is as follows: "The court erred in allowing the plaintiff W. T. Wilson to testify over the objection of the defendant with reference to what the cattle involved in this suit were worth on the market at Ft. Worth, and as to what they would weigh on said market, as is more fully set out and shown in defendant's bill of exceptions No. 1."

The witness Wilson, after qualifying himself, gave his opinion of the market value of the cattle in question at Ft. Worth, after describing them, and in connection with his testimony on the subject was permitted to read from the Ft. Worth Live Stock Reporter the market reports covering the period in question. No objection was made to the reports except to the published account of "Representative Sales" as follows:

Representative Sales.
Stocker Steers.

| No. | Average. | Price. |
| --- | --- | --- |
| 44 | 1,005 | 5.75 |
| 21 | 889 | 5.50 |
| 38 | 676 | 5.35 |
| 63 | 702 | 5.35 |
| 26 | 515 | 5.15 |
| 33 | 690 | 5.10 |
| 23 | 673 | 5.00 |
| 22 | 918 | 5.00 |
| 27 | 810 | 4.65 |

To this it was objected that it was incompetent to establish market value by "showing what particular cattle sold for at the time in controversy." The objection is obviously a misapplication of the rule that particular sales do not constitute market price. The witness so described his cattle as to fairly bring them within the classification of "stocker steers," which was sufficient. Bullard v. Stewart, 46 Tex. Civ. App. 49, 102 S. W. 174. The representative sales constituted but a part, and, it may be said, the most material part, of the market reports, and, as such, were admissible on the issue, particularly "for the purpose of showing on what the witness might base his opinion of the market that day," to which the court specifically limited the testimony. T. & P. Ry. Co. v. Isenhower, 131 S. W. 297; Houston Packing Co. v. Griffith, 144 S. W. 1139.

The witness Freeland's testimony, to the effect that, in his opinion, the cattle in question would have weighed on the Ft. Worth market "about 800 or 825 pounds," was not inadmissible on the mere ground that he did not see the cattle until about two weeks after the failure to deliver the telegram in question. It appeared from the witness' testimony that at about this time he examined the cattle in the pasture where they had been kept, and bought part of them, and the objection made went to the weight of his testimony, rather than to its admissibility.

Nor do we find error, for the reasons assigned, in the admission of the testimony of R. P. Barse with reference to what the cattle involved in this suit would have been worth on the market at Ft. Worth, Tex. It is urged that the admission of this testimony was erroneous, for the reason that appellant had no notice of appellees' intention to ship the cattle. This contention, as before stated, is unsupported by the testimony, which very plainly tended to show that at the time of the delivery of the original telegram for transmission to Baker appellant's agent was then given information of the purpose of the telegram and of the contemplated purchase, and urged, because of its importance, to make prompt transmission and delivery. Moreover, as before noticed, the court in its charge made appellees' measure of damage to depend upon the state of the market in Sutton county, specifically instructing the jury that the state of the market at Ft. Worth could be considered only, if at all, in determining the Sutton county market at the time involved.

[6] The further objection to the testimony of Freeland of statements made by cattlemen in Sutton county relating to the effect that the live stock reports and the Ft. Worth market had upon the market in Sutton county must be overruled, if for no other reason, on the ground that the testimony was harmless in view of the testimony of other witnesses—to wit, Allison, Barse, and Martin—of substantially the same effect, and to which like objection was not made. The objection

to the testimony of W. T. Wilson to the effect that he would have completed the purchase had he received the answering telegram of Baker in time, on the ground that appellant had not sufficient notice, must be overruled, for reasons already stated.

[7, 8] In the fifth paragraph of the court's charge the jury were instructed, among other things, to the effect that, if they should fail to find that appellant was guilty of negligence in transmitting the telegram from Baker to appellees, or that its negligence in so doing, if any, was not the proximate cause of the plaintiffs' failure to purchase the cattle, they would find for the defendant, etc., "provided, however, that if you should find from the evidence the defendant was guilty of negligence in not delivering said message to W. T. Wilson, although, as received in Ft. Worth, it was addressed to W. L. Wilson, and that notice of the character referred to in paragraph 4 hereof was given to the defendant subsequent to the acceptance of said message from Baker, you are instructed that such notice was sufficient." The proviso quoted is objected to on the ground that notice received by a telegraph company after the contract of transmission is not binding on it, and on the further ground that there was no testimony showing that any notice was given to the telegraph company after the message addressed to W. L. Wilson was received by it.

Paragraph 4 of the charge, among other things, made a recovery by the plaintiffs depend upon "notice and information" on the part of appellant at the time of the acceptance by it of the message to Baker on August 3d, "of facts sufficient to advise and inform the defendant that a failure to deliver said message would result in the damage," etc. We find nothing prejudicial to appellant in the charge. The evidence tended abundantly to show that, upon the receipt of the telegram at Ft. Worth addressed to W. L. Wilson, appellant was thereafter guilty of negligence in a failure to deliver the telegram, and also had sufficient notice to put it upon inquiry of the importance of the telegram and of probable damage in event of a failure to deliver it. There was evidence tending to show that, upon the receipt of the telegram addressed to W. L. Wilson, one of the employés of the appellant company examined the telephone directory, and found therein the address of a W. L. Wilson, who, it appears, was a traveling salesman, and, upon inquiry, was informed that W. L. Wilson was in Houston, and that the telegram should be forwarded to him there; that this was immediately done, but later on the same day, Saturday, return from Houston was made to the effect that the telegram was not for W. L. Wilson, whereupon the Ft. Worth operator telephoned the contents to the residence of W. L. Wilson, and, presumably, considered the message delivered. The evidence further tended to show that, if not on the evening of the same day, on the morning of the next day, Sunday, and several times thereafter, W. T. Wilson made inquiry at appellant's delivery office in Ft. Worth for the answer from Baker, then stating the importance of the expected telegram and of his probable damage in event of a failure to receive it, but on each occasion was informed that no telegram had been received for him. W. T. Wilson was well known as a cattleman, having his name and address in the telephone directory, and at the time of depositing the original telegram to Baker noted thereon his telephone number. This evidence, particularly in the light of information already in possession of the telegraph company, would undoubtedly, we think, have supported a recovery in appellees' favor on the ground of the appellant's negligence in its failure to deliver the telegram from Baker, regardless of the issue of negligence in its transmission, and we think appellant has no room to complain of the modified instruction objected to. See Western Union v. Holley, 55 Tex. Civ. App. 432, 119 S. W. 888; W. U. Telegraph Co. v. Reynolds, 140 S. W. 121; W. U. Telegraph Co. v. Waller, 37 Tex. Civ. App. 515, 84 S. W. 695; Bourland v. C., O. & G. Ry. Co., 99 Tex. 407, 90 S. W. 483, 3 L. R. A. (N. S.) 1111, 122 Am. St. Rep. 647.

What has already been stated, we think, sufficiently answers objections made to several clauses of the court's charge referred to in the twelfth to the sixteenth assignments, inclusive.

[9] The seventeenth to the twenty-first assignments of error relate to the action of the court in refusing special charges requested by appellant, but we find no error in any of these rulings. A Miss Hearn, one of appellant's employés at San Angelo, received the reply message from Baker over the telephone from Sonora, in Sutton county, and the court, in his charge (whether correctly or not, we need not determine), clearly relieved appellant of negligence on her part, if there was any, in reducing the message to writing. There was no error, therefore, in refusing appellant's special charge No. 4, instructing the jury to the effect that Miss Hearn, in so receiving the Baker message, and in so reducing it to writing, was the agent of Baker, and not of the appellant company.

[10] Other special charges so far as proper were sufficiently comprehended in the court's charge, and yet others were properly refused in view of the state of the evidence already given.

The contention that the verdict is excessive must also be overruled, as, in our judgment, the evidence fully supports the amount of the recovery, and believing, as we do, that the case was fairly presented to the jury, and that the evidence fully supports the material allegations of plaintiff's petition, it is ordered that the judgment be affirmed.

Affirmed.