## McBURNETT v. SMITH & McCALLIN.
### (No. 7000.)

(Court of Civil Appeals of Texas. Austin. June 3, 1926.)

**1. Appeal and error ☞692(1).**

Assignment of error to admission of evidence cannot be considered where statement of facts does not reveal answer complained of or admission of evidence set out in bill of exception.

**2. Appeal and error ☞664(4).**

Where bill of exception conflicts with statement of facts as to whether evidence was admitted, or statement does not show testimony set out in bill, statement controls.

**3. Damages ☞123—Exclusion of testimony and refusal to submit issue as to difference in value of building, had plastering contract been complied with, held not error, where defects could be remedied without impairing building as whole.**

In action for price of plastering work, where it was undisputed that defects could be remedied without impairing building as whole, court did not err in excluding testimony as to how much less building was worth than if contract had been complied with, nor in refusing to submit issue of difference in such values without making answer contingent on answers to preceding questions.

**4. Damages ☞123—Measure of damages, where defects in construction can be remedied without impairing building as whole, is reasonable cost of remedying them.**

Where defects in construction can be remedied without impairing building as whole, measure of damages is reasonable cost and expense of remedying defects so as to fully comply with contract, not decreased value of building as constructed.

**5. Damages ☞175.**

In action for price of plastering work, letter from architect, referring to plaintiff's contention that defects in plastering were due to defective sacket board furnished by addressee, *held* admissible.

**6. Evidence ☞242(1).**

Agent's declarations within scope of authority at time of act authorized by principal are admissible against latter.

**7. Contracts ☞323(3)—Submission of issue of substantial-compliance with plastering contract held warranted by pleadings and evidence.**

Pleadings and evidence in action for price of plastering work *held* to warrant submission of issue of substantial compliance with contract, as against objections that to remedy defects in plastering would impair structural efficiency of building and that plaintiff did not show cost of remedying them.

**8. Appeal and error ☞713(3)—Assignment of error in instruction, shown to have been given only by bill of exception, is improperly presented (Courts of Civil Appeals rule 24).**

Under Courts of Civil Appeals rule 24, assignment of error in instruction, not shown to have been given except by bill of exception, is not properly presented.

**9. Trial ☞219.**

In action for price of plastering work, court properly defined term "substantial performance" of contract on plaintiff's request.

**10. Contracts ☞353(8)—Instruction that "substantial performance" means performance only in all important particulars held sufficient.**

In action for price of plastering work, instruction that "substantial performance" does not mean exact performance in every slight or unimportant detail, but performance of all important particulars, *held* sufficient.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Substantial Performance.]

**11. Contracts ☞323(3), 353(8)—Refusal of instruction that plans and specifications in evidence were part of contract, and of issue whether work was done according to them, held not error, where sole issue was substantial performance.**

In action for price of plastering, where plaintiff admitted noncompliance with "specifications in evidence" and pleaded substantial performance of contract with reference to verbal instructions from defendant, at whose instance changes in plans and specifications were made, refusal of instruction that plans and specifications "introduced in evidence" constituted part of contract, and of issue whether work was done according to them, was not error.

**12. Trial ☞351(2)—Assignments of error in refusing to submit issues, submitted to court on single sheet, at end of which counsel signed and refusal was noted, cannot be considered.**

Assignments of error in refusing special issues, submitted to court on one sheet of paper constituting single instrument, at end of which counsel signed and refusal of issues was noted, cannot be considered.

**13. Trial ☞351(2).**

Requested special issues should be submitted to trial judge separately, and each must be complete charge.

**14. Trial ☞351(5).**

Refusal to submit issues calling for findings on matters already included in court's main charge is not error.

**15. Trial ☞350(2).**

Refusal to submit issues as to evidentiary matters, included in ultimate facts necessary to establish defenses pleaded, is not error.

**16. Appeal and error ☞237(6).**

Sufficiency of evidence to support jury's findings cannot be considered, in absence of motion in trial court to set them aside.

**17. Appeal and error ☞1070(2).**

Where verdict is fully supported by evidence as to each finding necessary to disposition of case, sufficiency of evidence to support other findings is immaterial.

Appeal from District Court, Tom Green County; J. F. Sutton, Judge.

Action by Smith & McCallin, a copartnership, for which Smith individually was substituted as party plaintiff on McCallin's death, against C. C. McBurnett and another. From a judgment for plaintiff, the defendant named appeals. Affirmed.

Wright & Matthews, of San Angelo, for appellant.

W. H. Graham, of Dallas, for appellees.

BLAIR, J. Smith & McCallin, a copartnership, sued C. C. McBurnett and Mrs. Martha E. Henderson, the latter as independent executrix of the estate of her deceased husband, Sam H. Henderson, to recover of McBurnett $3,553.78 for certain plastering work, labor, material, and extras furnished in connection with the construction of a seven-story hotel building for McBurnett at San Angelo, Tex., which was sold to Sam H. Henderson during the course of construction, and to foreclose as against both McBurnett and Mrs. Henderson a constitutional mechanic's lien against the hotel property, alleging a full compliance with their written contract to do the plastering work, in accordance with the plans and specifications and verbal and written instructions of McBurnett as his supervising architect or agent, and that, if they had not fully complied with the written contract and plans and specifications, they had substantially done so, and prayed for judgment.

McCallin died pending the suit, and Smith was properly substituted to continue the litigation individually, and will hereafter be referred to as appellee.

The answer to the suit was that appellee had in no wise complied with his contract to do the plaster work on the hotel building according to the plans and specifications, pleading particularly the alleged faulty work and material, and for which reason it was alleged that the consideration for the labor and material sued for had failed in whole and in part.

Appellee replied; first, that, if any departure was made from the original plans and specifications, it was at the instance of appellant who substituted sacket boards for metal lath for partition walls, and with the installing of which appellee had nothing to do, that for several alleged reasons sacket board was an inferior material for partitions, that appellee did the plastering work on the sacket board partitions under the direction of appellant, or his architect or agents, and, if there was any faulty work, it was not due to appellee's defective workmanship or material, but due to appellant's use of sacket board for partition walls; and, second, that, if any departure was made, it was at the request or with the acquiescence of appellant or his architect or agents, who were present constantly and saw the kind of work done and character of material used, and made no objections thereto, or, if objections were made, the defects were immediately remedied, and that appellant is estopped to now assert them.

The cause was submitted to a jury upon special issues, and their answers which fix liability and are material here were substantially as follows: That appellee did not furnish the labor and material he was to furnish in full compliance with his contract with appellant; that appellee furnished such material and performed such labor in substantial compliance with his contract with appellant; that appellee did not furnish the material and perform the labor in substantial compliance with the specifications in evidence; that the labor performed and material furnished, which was different from that called for in the original contracts, was done differently and at the request of appellant or some one authorized to speak for him; that some of the labor performed or material furnished by appellee were defective; that the defects in the workmanship and material could have been remedied without impairing the structural efficiency of the building as a whole; that the reasonable cost and expense of remedying any defective workmanship or material so as to make appellee's work fully conform with his contract with appellant was $1,597.

---

Aside from the question of faulty workmanship and material, it is not disputed that appellee was entitled to recover the amount sued for. With respect to this, appellant testified:

"Generally speaking, aside from the question that the material was faulty, Smith & McCallin and Peter Day did furnish the material necessary to do the plain and ornamental plastering. I am admitting everything except the faulty work. I admit that he furnished all the material and did all the work called for."

He also testified:

"If there was no contention on my part about defective material, I would say that the amount you sue for was correct."

Upon the jury's verdict and the uncontroverted facts, judgment was rendered for appellee for the difference between $3,553.78, the amount sued for, and $1,597, the amount found by the jury as reasonable cost and expense for remedying the defective workmanship and material, with interest at six per cent. from November 1, 1917, to date of judgment, except as to interest on certain items of extras with reference to which the jury made no finding, making a total judgment of $2,810.30, which bears interest at 6 per cent. from date. The judgment also decreed a foreclosure of a mechanic's lien against the hotel property against both parties named in appellee's petition, but fixed liability for the debt against appellant McBurnett alone, who has appealed.

[1, 2] Appellant's first assignment complains of the admission in evidence of the answer of Peter Day, appellee's plastering or construction foreman, to interrogatory No. 53, propounded by deposition. A careful examination of the statement of facts does not reveal the answer complained of, or that such testimony as is set out in the bill of exception was ever admitted in evidence. Neither the assignment nor the proposition based upon it point out the page where this particular answer of the witness may be found. The bill of exception, therefore, conflicts with the statement of facts, or at least there is nothing in the statement of facts to show that the testimony complained of was ever admitted in evidence, and appellee's objection to our considering the assignment must be sustained. The rule is that, where a bill of exception conflicts with the statement of facts as to whether evidence was admitted, or where the statement does not show the testimony set out in the bill, the statement controls. Ellis v. Le Bow, 30 Tex. Civ. App. 449, 71 S. W. 576; Western Union Tel. Co. v. Waller, 37 Tex. Civ. App. 515, 84 S. W. 695; Railway Co. v. Jones (Tex. Civ. App.) 118 S. W. 759; H. & T. C. Ry. Co. v. O'Donnell (Tex. Civ. App.) 90 S. W. 888; Bryan Press Co. v. H. & T. C. Ry. Co. (Tex. Civ. App.) 110 S. W. 100.

[3] Appellant's second assignment complains that the court erred in refusing to permit him to answer the following question while on the witness stand in his own behalf:

"How much less is that building worth in the condition it is, than it would have been worth if that plaster contract had been complied with?"

The court sustained the following objection to the question: "Because * * * it is not the proper measure of damages in this cause." In this connection and by his seventh assignment, appellant also complains that the trial court should have submitted the issue of the difference in the value of the property in the condition it was received and its condition had appellee fully complied with his contract, without making the jury's answer thereto contingent upon their answers to preceding questions, contending that such was appellee's correct measure of damages under his pleadings and proof. Neither assignment is sustained.

[4] In the case of Atkinson v. Jackson, 259 S. W. 280, Id., 270 S. W. 848, 38 A. L. R. 1377, this court and the Commission of Appeals announced the rule that, where the defects in the construction of a building are remedial, the owner's measure of damages is such an amount as would reasonably cover the cost and expense of remedying the defects so as to fully comply with the terms of the contract, and that, where the defects cannot be remedied without injury to the structural efficiency of the building as a whole, the measure of the owner's damage is the difference between the value of the building as constructed and its value had it been constructed according to the contract. The test for applying the latter rule is whether the defects can be remedied without impairing or injuring the structural efficiency of the building as a whole.

Appellee's contract was for only the plastering work in connection with the construction of appellant's hotel building. It consisted of a written proposal and written acceptance, and contained stipulated prices for plastering and for ornamental work, and in the aggregate with authorized extras amounted to approximately $10,000. With the contracts for the carpentry work, masonry, and other general structural work, appellee had nothing to do. His contract was to do the plastering work after others had completed the general structural work. It is undisputed that the defects complained of by appellant could have been remedied without impairing or injuring the structural efficiency of the building. Appellant's witness, Frank Daugherty, testified, "This plaster could be replaced without serious injury to the structural portion of the building." Appellant, the owner, testified that, "The work that I claim was defective could be torn out and replaced without material injury to the building." In answer to a special issue submitted, the jury found in this connection that the defects complained

of by appellant could have been remedied without impairing the structural efficiency of the building as a whole. Since it is undisputed that the defects complained of could have been remedied without impairing the building as a whole, the rule as to this measure of damages is not applicable, and the court could have safely submitted the case to the jury without an issue as to this measure of damages, and without an issue as to whether, in remedying the defects, the structural efficiency of the building as a whole would have been impaired.

[5] Appellant's third assignment complains of the introduction in evidence of the following letter:

"Gypsum Fire Proof Company, Kansas City, Mo.—Gentlemen: For your information, I am inclosing you herewith a copy of letter from Smith & McCallin, relative to the San Angelo job, which will show you clearly their attitude towards you in this matter, and I will ask you to take the matter up with your Mr. Gill. As to Mr. Gill, I wish to say that I have worked with diplomats in making settlements, but Gill is undoubtedly the best I have ever seen. There is absolutely no doubt in my mind but that the partitions were in some respects at fault, especially the partitions including the lavatories, and, if I had the gall, the persuasion, and convincing line of talk that Gill put up and made it stick, I would go into politics. I am half sore at myself since the matter has been adjusted to think the way he put it over all of us. I am

"Yours truly,                    Geo. Burnett.
"Nov. 20th, 1917.
    "GB/ND."

The objections to the introduction of the letter were because it was immaterial, irrelevant, and unintelligible, and could not be binding on appellant; that it was hearsay; was not sworn to; and had nothing to do with the case. The assignment is not sustained. On the issue of defective workmanship and material, raised by the pleadings and the evidence, at lease some of the defects complained of by appellant were not due to appellee's defective workmanship and material, but due to the defective and inferior sacket board partition walls on which appellant required appellee to lay the plaster. Appellee had nothing to do with the installation of the sacket board. It is admitted that appellant and his architect had trouble with the company that furnished the sacket board. Appellant testified:

"We had trouble with the sacket board man the same as we did with the plasterer. We had trouble with sacket board, and I settled for $100 damages. I don't remember exactly what the trouble was. Anyway we held out a balance of $500 or $600 on the sacket board, and settled for $100. * * * We had some defective sacket board, but I thought the defects were due solely to the plasterer."

[6] This was shown before the introduction of the letter, and also that its writer was the architect; that at the time he wrote it he was in the employ of appellant; that he had authority to write it and settle the claim for damages with the company to which it was written; that at the time he wrote it he was also trying to adjust and settle the various accounts sued upon by appellee; and that at the time it was written appellee was contending that the sacket board was at fault and not his workmanship. The letter refers to this contention made by appellee with reference to the partitions, and a copy of appellee's letter to the architect or owner was inclosed, which showed what that contention was. It is clear that the subject-matter of the letter was defective sacket board installed in the building in question. Under these facts and circumstances the letter was admissible for what it was worth to the jury in determining whether the workmanship or material of appellee was defective or faulty, and for what it was worth to refute the claim of appellant that the plastering was wholly at fault. The general rule with reference to admission of declarations of an agent is that declarations made within the scope of the agent's authority and at the time of doing the authorized act, and with respect to which the agent is authorized to appear for the principal, are admissible against the principal. The court correctly applied the rule in this case. Southern Surety Co. v. Nalle & Co. (Tex. Com. App.) 242 S. W. 200; 4 Texas Law Review, 506, and cases cited.

[7] The fourth assignment is that the court erred in submitting to the jury the issue of substantial compliance with the contract, first, because the evidence shows the plastering job was defective as a whole, and to remedy it would impair the structural efficiency of the building; and, second, that appellee did not meet the burden cast upon him and show how much it would take to remedy the defects complained of. Neither ground of the assignment is sustained. Appellee pleaded, first, a full performance of the contract; and, second, pleaded in the alternative a substantial performance of it. His testimony was to the effect that he had both fully and substantially complied with the contract; that, if there were any defects, they were slight or unimportant and could be easily remedied. The testimony also shows the manner in which any defects complained of might be remedied. One of appellant's witnesses estimated that it would take about 50 per cent. of the original contract price to remedy the defects, while appellant testified to a larger amount. As already pointed out, the testimony is undisputed that the defects could have been remedied without impairing or injuring the structural efficiency of the building as a whole. Both the pleadings and the evidence warrant the submission of the issue, and the evidence sufficiently sustains the jury's answer with reference to the

amount of cost and expense necessary to remedy the defects.

[8-10] The fifth assignment complains, first, that the court should not have defined to the jury what was meant by the term "substantial performance" of a contract; and, second, that the definition given did not properly define the term. Appellee objects to our considering the assignment, because there is nothing in the record except the bill of exception to show that the charge or definition was given, and that therefore the record conflicts with the bill, or at least it fails to show that the charge complained of was ever given. Under this state of the record the assignment is not properly presented. Rule 24 for Courts of Civil Appeals; Tiefel v. Maxwell (Tex. Civ. App.) 154 S. W. 322. However, the assignment is without merit. The Commission of Appeals held, in Atkinson v. Jackson, supra; that, if either party to the suit requested that the jury be instructed as to the meaning of the term "substantial performance," such instruction should be given. The instruction or definition was given in response to the verbal request of the jury after they had retired to deliberate on this case, and reads:

"The term 'substantial performance' as used in said charge does not mean an exact performance in every slight or unimportant detail, but means a performance of all important particulars."

The specific objections to the definition or instruction were that it did not convey the idea of willful departure from the terms of the contract and any omission in essential parts, nor that the contract would have been honestly and faithfully performed in its material and substantial particulars, and the only variance from the strict and literal performance constituted technical or unimportant omissions or defects. For brevity and clarity the definition is excellent, and we think it covers every particular necessary to inform the jury what is meant by "substantial performance" of the contract. In the case of Atkinson v. Jackson, supra, the Commission of Appeals entered into a lengthy discussion with reference to what proof would or had been held by the courts to establish a substantial performance of the contract; but we do not think that it was intended that the entire discussion with reference to that matter should be given as a definition of the term, or that a definition of the term should incorporate all the matters there discussed. In fact to do so would subject the charge or instruction to the criticism of being one upon the weight of the testimony. The definition given simply informs the jury that to substantially comply with the contract the contractor need not perform it in every slight or unimportant detail, but that he must perform in all important particulars. The idea of willful departure, or that the contract had been honestly and faithfully performed relate in their last analysis to questions of evidence by which substantial performance or a lack of it may be established. The other matters embraced in the objections were either embodied in the charge, or were evidentiary matters and not proper to be given in the definition.

The matters presented by the sixth and seventh assignments have been disposed of under assignment 2.

[11] By the eighth assignment appellant complains that the court should have instructed the jury that the plans and specifications "introduced in evidence" constituted a part of the contract; and in this connection the ninth and nineteenth assignments complain that the court should have submitted a requested issue with reference to whether the plastering work had been done according to the "plans and specifications in evidence." There is no merit to the assignments. The court submitted the issue with reference to whether the plastering work had been done according to the "specifications in evidence," and the jury answered the issue, "No." The issue need not have been submitted, because appellee admitted that he did not comply with the "specifications in evidence." It is undisputed that changes were made in the plans and specifications at the instance and request of appellant, with reference to the use of sacket board for partition walls instead of metal lath. It is undisputed that the plans and specifications make no provision with reference to plastering of sacket board other than the general provision that all partition walls should have three coats of plaster. It was also shown that a great deal of the work was done under verbal instruction of appellant or his architect, without reference to plans and specifications. Appellee pleaded that he substantially performed his contract as written, and his contract with reference to verbal instructions from appellant and his architect as to all the plastering work, and the jury found in response to that issue that he had substantially performed his contract, and the answers to that issue and to the further issue that it would require the expenditure of $1,597 to substantially comply with the contract fixed the liability between the parties under the pleadings and the evidence.

[12-15] Assignments 10 to 18, both inclusive, complain that the trial court erred in refusing to submit certain requested special issues to the jury. These assignments cannot be considered, for the reason that they were submitted to the court on one sheet of paper constituting one instrument, and not on a separate sheet or sheets of paper, and not signed separately by counsel, but signed by counsel at the end of the instrument, and the court's refusal to give the requested issues is also noted in one general order at the end of the instrument. It is too well settled in this

state to require a discussion of the matter that requested special issues should be submitted to the trial judge separately and not altogether in one instrument, but that each must be a complete charge, and the trial court is not required to separate or pick out one issue from others where they are embodied in the same list with other separate and distinct issues. Morris v. McSpadden (Tex. Civ. App.) 179 S. W. 554; Hall v. Johnson (Tex. Civ. App.) 225 S. W. 1110; Ater v. Ellis (Tex. Civ. App.) 227 S. W. 222. But, aside from the question of practice, which does not require us to pass upon the errors assigned, the refusal to submit the issues requested was not error, for they merely called for findings of the jury with reference to matters which were already included in the court's main charge, or they requested the findings of the jury upon evidentiary matters which were included in the ultimate facts necessary to be found to establish the defenses pleaded.

[16, 17] Assignments 20 to 26, both inclusive, complain that various findings of the jury are not supported by the evidence. Appellant filed no motion in the trial court asking that the jury's verdict upon these issues be set aside; and, aside from that fact, the assignments are not well taken because the jury's verdict is fully supported by the testimony with reference to each finding necessary to a disposition of this case. 4 Texas Law Review, 486, and cases there cited.

We find no error in the trial court's judgment, and it will be affirmed.

Affirmed.